EDWARD DELAHUNT AND PETER V. CARROLL, RESPOND-
ENTS, *v.* THE ÆTNA INSURANCE COMPANY OF
HARTFORD, CONNECTICUT, APPELLANTS.

*Insurance policy — clause terminating the risk if the voyage cannot be finished by
reason of ice — construction of it.*

APPEAL from a judgment, entered in favor of the plaintiff for $2,602.49, damages and costs, on the verdict of a jury at the Erie Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought on several certificates of insurance made by the defendant, in pursuance of an open policy issued by the defendant to the plaintiffs in this action, upon a quantity of oats, hoofs, horns and bones, being part of the cargo of the canal boat James Maloney, the property having been damaged by the sinking of the boat in the Hudson river at Albany. The cargo was insured at Buffalo, and started on its trip for New York. At a point about four miles west of Schenectady the boat was frozen in and the voyage stopped. Some days thereafter the canal was ordered closed by the canal commissioners of the State, and the

water was drawn off. Some two weeks thereafter, a thaw having taken place, and there being a number of loaded boats frozen in at that part of the canal, the canal was reopened, and the water again let in by the canal commissioners for the purpose of getting the boats so stopped through to their place of destination. This boat was then taken on through the canal and into the river at Troy, and down the river to Albany, where she was sunk, and the damage complained occurred.

The policy of insurance, among other things, contained the following clause : "It is understood that if, in consequence of ice, or the closing of navigation, the said voyage cannot be finished the same season, the risk to end at the place and at the time the voyage is stopped, three days being given to discharge."

The court at General Term said : "The appellants claim that by reason of this boat being stopped on account of ice, and the closing of the canal as stated, that the risk under this policy had terminated, and, therefore, they were not liable. The correctness of this claim depends upon the construction to be given to the clause of the policy quoted, 'If in consequence of ice, or the closing of navigation, the said voyage cannot be finished the same season.' Ice intervened and stopped the boat. The canal was formally closed to navigation, but by subsequent action of the canal commissioners it was reopened so that the voyage could be continued, and it was continued during the same season. In order to terminate the risk under this policy, there must be such an interference of ice, or such a closing of navigation, that the voyage *cannot* be finished the same season. This was not the case, and we are of the opinion that the risk was not terminated."

*Humphrey & Lockwood*, for the appellants.

*Cook & Fitzgerald* and *E. C. Sprague*, for the respondents.

Opinion by HAIGHT, J. ; SMITH, P. J., and HARDIN, J., concurred.

Judgment and order appealed from affirmed.